GEORGE EDWIN CARTMELL AND MARY E. CARTMELL,

*vs.*

VITO NIGRO.

*New Castle, March* 15, 1933.

*William Prickett,* for complainants.

*John J. DeLuca* and *John W. Huxley, Jr.,* for defendant.

THE CHANCELLOR: The contract which the bill seeks specifically to enforce is in writing. It is dated August 11, 1930. It is an informal one, not under seal. It starts off as follows, "Sold this day to Vito Nigro or his assigns, the property known as Nos. 607 and 607½ Tatnall Street, etc.," and then proceeds to specify the terms among which is one "that the present owner, Mrs. Cartmell, will take a mortgage of Five Thousand Dollars ($5,000.00) on the above properties, for a term of five years." The reference thus made to Vito Nigro and the one to "the present owner, Mrs. Cartmell" are the only references in the body of the contract from which the identity of its parties may be learned. The signatures are as follows:

"Howell & Schultz, Inc., Agent.
"C. H. Howell, President.
"K. B. Flick, Secretary.
        his
"Vito    x    Nigro Purchaser.
        mark
"Mary E. Cartmell, Owner."

It appears that the property was formerly owned by Thomas B. Cartmell who died intestate, seised thereof, and that it is now owned by his son and only heir at law, George Edwin Cartmell, one of the complainants, subject to the right of dower of Mary E. Cartmell, the other complainant. It is to be observed that the complainant George Edwin Cartmell, did not sign the contract. That being so, it is contended that he is prevented by the statute of frauds from bringing any action or suit upon it. The contention is not sustainable. The statute requires that the agreement or memorandum shall be signed "by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing." *Revised Code* 1915, § 2626. It does

not require the signature of the suing party. Where the defendant alone has signed a memorandum required by the statute of frauds to be in writing, the requisite of mutuality is supplied by the complainant's filing of his bill. *Matthes v. Wier*, 10 *Del. Ch.* 63, 84 *A.* 878.

It is also objected that the bill does not show a tender by the complainants of a deed to the defendant. The bill shows that before it was filed, the defendant brought suit against the complainants in the Court of Common Pleas of New Castle County for recovery of the deposit made by him on account of the purchase price. That action was founded on a repudiation by the defendant of the contract. Where that is the case a tender of the deed is unnecessary. *Pomeroy on Specific Performance*, (3d Ed.) § 361. The complainants tender themselves in their bill as ready and willing to perform. Such a tender is sufficient under the circumstances shown by the bill.

It is next urged that the demurrer should be sustained on the ground that the complainants have been guilty of laches in filing the bill. The contract was dated August 11, 1930, and fixed September 11, 1930, as the settlement day. The bill was filed June 22, 1932, nearly two years later. It alleges that the defendant, "until recently, deferred and delayed settlement under said contract by various pretexts and excuses." Where the case made by the bill is such that the court will act upon the analogy of the law as to the statute of limitations, relief will be denied, if it would be barred at law. *Perkins v. Cartmell, Adm'r.*, 4 *Har.* 270, 42 *Am. Dec.* 753; *Story, Equity Pleading*, (6th Ed.) § 503. In such case, the objection may be taken by demurrer. *Id.* § 751; 1 *Daniel's Chancery Practice*, (4th Ed.) 560. But, assuming this case to be one in which the analogy of the statute of limitations would be applied, the delay which is said to constitute a bar corresponds to no statutory period of limitations. If there be such laches as would bar the complainants from maintaining their bill, it must be

because the delay has been such under the circumstances as would make it inequitable for the complainants to be granted the relief they seek. A delay of nearly two years before filing their bill, during which period market values of real estate have undergone a violent decline, would seem to suggest that a court of equity ought not to lend its aid to the complainants in the specific enforcement of the contract. In view, however, of the allegation tending to show that the delay was occasioned by the acts of the defendant in presenting excuses and pretexts for a deferring of the settlement, I am of. the opinion that the demurrer should not be sustained on the ground of laches. That phase of the case can be more intelligently passed upon after hearing on the facts.

It is finally objected by the defendant, that the complainant, George Edwin Cartmell, has no right to maintain the bill, because he is not a party to the contract which the bill seeks to enforce. This objection is well taken. Nowhere in the contract is George Edwin Cartmell mentioned as a party. He did not sign it nor did any one purport to sign for him. The other complainant, referred to in the body of the contract as "Mrs. Cartmell," is described as "the present owner," and after her signature at the foot, she is again mentioned as owner. The signature of "Howell & Schultz, Inc., Agent," cannot be the signature of an agent for George Edwin Cartmell, because the bill specifically alleges that Howell & Schultz, Inc., was the agent of the defendant.

If George Edwin Cartmell was not a party to the contract, he of course can assert no rights under it. The solicitor for the complainants argues, however, that George Edwin Cartmell is a party to the contract, or must on this demurrer be taken to be such, because the bill alleges that Mary E. Cartmell executed the contract not only in her own behalf but as well in behalf of her son George Edwin, as his agent. In support of this position he cites *Hurd v. Pilley*, *L. R. 4 Ch.* 548, and *Higgins v. Senior*, 8 *M. & W.* 834,

which are referred to in *Pomeroy on Specific Performance,* (*3d Ed.*) in support of the following text:

"When the agreement is executed by an agent in his own name, he appearing to be the contracting party, the requisite as to parties is complied with. The principal may maintain a suit and enforce the contract, and it is immaterial whether the principal was actually known during the transaction, or whether the other party supposed that he was dealing with the agent personally, entirely in his own behalf."

The soundness of the principle thus stated appears to be questioned in *Schenck v. Spring Lake Beach Improvement Co.,* 47 *N. J. Eq.* 44, 19 *A.* 881. I do not find it necessary in this case either to accept or reject the principle. This is for the reason that the contract on its face does not leave open the question of the capacity in which Mrs. Cartmell signed the agreement. In the body of the paper she is described as the owner and immediately following her signature she designates herself as owner. It is as though she specifically stipulated that she was entering into the agreement in behalf of herself alone as principal. The attempt to give her own signature a double aspect so as to make of her an agent as well as a principal is to contradict the plain meaning of the written paper which, as stated, commits her to the role of a principal. Baron Parke in *Higgins v. Senior, supra,* which the complainants cite as a leading case and on which they rely, uses language in his opinion which fits this case. He says, "but on the other hand, to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement; which cannot be done."

The complainants by their bill seek to contradict the written agreement by showing it to be different from what its language very clearly states. They cannot do this. The question is not one concerning a memorandum under the

statute of frauds. It is a question of whether a written contract can be contradicted by parol evidence—a question upon which the law is too well settled to warrant discussion.

For the reasons given, the demurrer will be sustained. Order accordingly.