HYNSON, Jalee, a Minor, By and Through Her Grandparent and Guardian, HYNSON, Jeffrie and Hynson, Charzell, a Minor, By and Through his Grandparent and Guardian, Hynson, Jeffrie, and Hynson, Jeffrie, Administratrix of the Estate of Hynson, Alesia, Deceased, on Behalf of the Estate of Hynson, Alesia and Hynson, Jeffrie, in her own right, Appellees,

v.

The CITY OF CHESTER and Lastowka, Captain A. Joseph, Jr., Chess, Sergeant Albert F. Edler, Officer Daniel, Willis, Mallie Corporal and John Doe, Officers/Members of the Chester Police Department and the Borough of Eddystone and the Eddystone Police Department and Delaware County Prison and Matty, Kenneth, as Prison Warden of Delaware County Pennsylvania and Scott Foam, Inc., a Subsidiary of General Felt Industries, Inc. and Scott Paper Company and Allied Security, Inc. and Brock International Security Corp. and the South Media Citizen's Club and Delaware County Domestic Abuse Project, Inc. and Wideman, Dolly, L.

Appeal of DELAWARE COUNTY PRISON BOARD OF INSPECTORS and Kenneth Matty, Appellants.

No. 86–1687.

United States Court of Appeals, Third Circuit.

Argued June 16, 1987.

Decided Sept. 2, 1987.

Rehearing and Rehearing En Banc Denied Oct. 1, 1987.

Arthur Terry Daly (argued), A. Terry Daly, Ltd., Philadelphia, Pa., for appellees.

Christine M. Mooney, Charles W. Craven (argued), Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for appellants.

Before SEITZ, MANSMANN, Circuit Judges, and DEBEVOISE, District Judge.*

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellants Delaware County Prison Board of Inspectors and Warden Kenneth Matty appeal from the order of the district court denying their motion for summary judgment in a § 1983 suit. Because Appellants assert the defense of qualified immunity, the order denying their motion is an appealable "final decision." *See Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). We therefore have jurisdiction pursuant to 28 U.S.C. § 1291 (1982).

### I.

Jamil Gandy was sentenced in the Delaware County Court of Common Pleas to a term of four to twenty-three months after pleading guilty to a charge of theft by receiving stolen property. Gandy was to serve two days a week in prison, and be furloughed for the remaining five days each week. His sentence was scheduled to start on Sunday, October 14, 1984 at 5:00 p.m., when he was due to report to the prison.

On October 11, 1984, Alesia Hynson, Gandy's ex-girlfriend, obtained a restraining order against Gandy from a different Delaware County judge from the sentencing judge, precluding Gandy from coming into contact with her or her two minor children. This protection from abuse order was based on Gandy's prior harassment and abuse of Hynson and her children.

Gandy failed to report to prison on October 14. The prison officials, pursuant to their oral "no show" policy, completed an incident report. Since Gandy was serving a weekend sentence, the report was to be delivered to the sentencing judge on the following morning, when the courts reopened. The judge would then be requested to issue a bench warrant for Gandy's arrest. Approximately seven hours after Gandy failed to report to the prison, he went to Hynson's place of employment and shot her. Her supervisor found her dead an hour later.

Hynson's mother initiated this suit on May 15, 1986, against various municipalities and their subdivisions, and public officials, seeking damages on behalf of Hynson's children and her estate. Plaintiff asserted that these groups, acting under color of state law, deprived decedent of rights, privileges and immunities secured to her by the constitution, in violation of 42 U.S.C. § 1983 (1982). As to defendants Delaware County Prison Board of Inspectors and Kenneth Matty, Hynson alleged in her amended complaint that Matty and the Prison Board condoned a pattern or practice of failing to take steps to insure that prisoners who fail to appear are apprehended, and that this failure resulted in the deprivation of Hynson's equal protection and due process rights.

Matty and the Prison Board of Inspectors filed a motion for summary judgment, claiming, *inter alia*, that they were protected by qualified immunity. The district court denied this motion without an opinion on October 31, 1986. This appeal followed.

### II.

On appeal, the Prison Board and Warden Matty contend that the district court erred in denying their motion for summary judgment because they are protected against civil liability by the doctrine of qualified immunity. Along with this entitlement,

* The Honorable Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

they contend that they enjoy a right not to go to trial, or face other burdens of litigation. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Mitchell, supra.* Our review of this legal question is plenary. *See Gans v. Mundy,* 762 F.2d 338 (3rd Cir.), *cert. denied,* 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985). We will first address whether the Prison Board is entitled to assert this affirmative defense.

### A.

The Delaware County Prison Board of Inspectors is, by its own admission, a municipal corporation. The Supreme Court has squarely addressed the issue of whether qualified immunity under section 1983 extends to municipalities and has clearly held that it does not. *See Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980): "municipalities have no immunity from damages liability flowing from their constitutional violations...." *Id.* at 657, 100 S.Ct. at 1418.

■ The Prison Board urges that when the Supreme Court eliminated the subjective element of the qualified immunity defense for individuals, *see Harlow, supra,* it meant for objective qualified immunity to extend to municipalities. We find this argument to be without merit. Both the history and policy relied on in *Owen* to establish that municipalities may not assert the defense of qualified immunity apply to both the subjective and objective elements of that defense. In no way has *Harlow* modified the central holding in *Owen.* In fact, when defining the new objective standard for qualified immunity, *Harlow* specifically holds that it applies to *"government officials* performing discretionary functions."* 457 U.S. at 818, 102 S.Ct. at 2738 (emphasis added). Although the Prison Board attempts to argue otherwise, *Owen*'s holding that municipalities are not entitled to the defense of qualified immunity is still good law.

Since the Prison Board is a municipal corporation, it is not entitled to assert the qualified immunity defense. We will therefore affirm the District Court's order denying summary judgment to the Prison Board.

### B.

■ We now turn to Warden Matty's claim of qualified immunity. Prison officials are entitled to qualified immunity from monetary liability if they are acting reasonably in the good faith fulfillment of their responsibilities. *Wilson v. Schillinger,* 761 F.2d 921, 929 (3rd Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1494, 89 L.Ed.2d 895 (1986). The test for government officials to establish the good faith necessary for qualified immunity was recently set out by the Supreme Court. Government officials performing discretionary functions will be immune from liability for civil damages if their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known. *Id.* at 930, *citing Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

In reviewing the denial of a defendant's claim of qualified immunity, our determination is limited to the purely legal question of whether the facts alleged support a violation of clearly established law:

> An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took.

*Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816.

In the case before us, plaintiff's claim is that the Warden violated Alesia Hynson's due process and equal protection rights by formulating a "no show" policy that failed to provide a mechanism for the immediate apprehension of prisoners who fail to report for weekend sentences. She further claims that the existing policy in effect

excuses the inmate from jail and, in this case, "all but insured" that Hynson, a member of a particular group of persons whom Gandy had previously victimized, would not be protected.

■ While the events in this case are certainly unfortunate, we fail to see how Warden Matty's conduct violated any "clearly established" rights of Hynson. Plaintiff concedes that she can cite no authority that imposes a duty to apprehend on the warden. Even assuming the existence of some such affirmative duty, we believe that, as applied to the facts of this case, it can in no way be said to have been clearly established at the time of the alleged violation. *Cf. Chinchello v. Fenton,* 805 F.2d 126 (3rd Cir.1986) (defendant owed plaintiff no clearly established duty to take affirmative steps to see that his constitutional rights were not violated by others). Plaintiff has failed to make a showing on this record that the warden had reason to know that his conduct was violating a clearly established right. *See Wilson,* 761 F.2d at 930.

■ Although the officials claiming qualified immunity have the burden of pleading and proof, *Kovats v. Rutgers,* 822 F.2d 1303 (3rd Cir.1987); *Losch v. Borough of Parkesburg, PA.,* 736 F.2d 903 (3rd Cir. 1984), a plaintiff who seeks damages for violation of constitutional rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue. *Davis v. Scherer,* 468 U.S. 183, 197, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984). Since the plaintiff has failed to do this, the defendant is entitled to prevail on his qualified immunity claim.

### III.

Accordingly, we will affirm the order of the district court with respect to the Prison Board, and reverse the order of the district court denying Warden Matty's motion for summary judgment.