Jude McKENNA, Plaintiff,

v.

CITY OF PHILADELPHIA

and

George Hayes, Defendants.

Civ. A. No. 91–2414.

United States District Court,
E.D. Pennsylvania.

Aug. 20, 1991.

Philip T. Seymour, Lobel and Kaufmann, Philadelphia, Pa., for plaintiff.

David J. Domzalski, City of Philadelphia, Philadelphia, Pa., for defendants.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Presently before me is the motion of the defendants City of Philadelphia and George Hayes to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Document No. 6. I shall dismiss plaintiff's constitutional claims against both defendants arising out of compelled urinalysis and, in addition, shall dismiss plaintiff's First and Fifth Amendment claims. I decline to dismiss the constitutional claim arising out of plaintiff's full body cavity search and the state law claims against George Hayes.

## FACTUAL BACKGROUND

Plaintiff invokes jurisdiction over the City of Philadelphia pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Complaint, ¶ 2. Jude McKenna was injured on April 17, 1989 while on duty as a police officer working for the City of Philadelphia. Sometime thereafter, on April 17, 1989, he appeared at the city's Municipal Services Building for a physical examination of his elbow (the earlier injury of which placed him out of duty) to determine his fitness to return to duty. Complaint, ¶¶ 8–10. He alleges that on that date, the city, acting through its medical employee, George Hayes, violated his civil rights under 42 U.S.C. §§ 1983 and 1988 and his First, Fourth, Fifth and Fourteenth Amendment Rights under the United States Constitution (Complaint, ¶ 2) by requiring him to submit to a full body cavity search and to "urinate into a container in front of an attendant." Complaint, ¶ 11. He contends the urinalysis and full body cavity search was unjustified, unreasonable and excessive, (Complaint, ¶ 12) deprived him of his right to be secure in his person and constituted assault and battery. Complaint, ¶ 20. He alleges that it was the policy and practice of the city to encourage and require unjustified and unreasonable searches of its employees, including plaintiff, without probable cause. Complaint, ¶¶ 16–18.

## THE MOTION OF THE CITY OF PHILADELPHIA TO DISMISS AND PLAINTIFF'S RESPONSE

The City of Philadelphia asserts several arguments in its Motion: first, that plaintiff's allegations do not present a federal cause of action; second, that plaintiff fails to establish a Fourth Amendment claim and applies the incorrect standard of probable cause when in fact reasonableness is the proper standard; third, that drug testing of police officers is an administrative search exception to the Fourth Amendment and that the defendants are immune from liability (Motion at 4); and fourth, that plaintiff fails to plead a cause of action under the First and Fifth Amendments. Motion at 6–7. In the event the court dismisses plaintiff's federal claims, the city requests the court dismiss plaintiff's pendent state claims as well. Motion at 7–8.

In response, plaintiff insists, first, that he properly pleads a federal cause of action under the Fourth Amendment and pleads

reasonableness with sufficiency; second, that the issues presented are not open to dismissal (Plaintiff's Memorandum at 2–3); third, that the city cannot invoke a defense of qualified immunity; and fourth, that George Hayes is not entitled to immunity because he violated a clearly established constitutional right of plaintiff to be free of an unreasonable search. Plaintiff's Memorandum at 3–4.

## SEARCHES AND SEIZURES

■ The Fourth Amendment of the United States Constitution guarantees a person's right against "unreasonable searches and seizures." Compulsory urinalysis constitutes a "search" for Fourth Amendment purposes. *Copeland v. Philadelphia Police Department*, 840 F.2d 1139 (3d Cir. 1988). Typically, a search without consent or valid search warrant is considered unreasonable and violative of the Fourth Amendment. *O'Connor v. Ortega*, 480 U.S. 709, 720, 107 S.Ct. 1492, 1499, 94 L.Ed.2d 714 (1987).

## THE REASONABLE SUSPICION STANDARD AND THE ADMINISTRATIVE SEARCH EXCEPTION

■ Under the reasonable suspicion standard, a police department may require an officer it reasonably suspects is a user of illegal drugs to submit to a urinalysis. *Copeland*, 840 F.2d at 1144. Under the administrative search exception, employees in highly regulated industries such as municipal law enforcement may be subjected to drug and alcohol testing without individualized suspicion. *Policeman's Benevolent Association of New Jersey v. Township of Washington*, 850 F.2d 133 (3d Cir. 1988).

■ The administrative search exception may permit legislatively authorized warrantless drug and alcohol testing subject to special conditions: (1) the testing must be "based on a strong state interest in determining whether employees are using illegal substances," *Id.* at 136, (2) the testing must be directed at an industry that is pervasively regulated in such a manner that "an employee's justifiable privacy expectations are diminished," *Id.;* (3) the testing must

be such that the government interest in conducting the search "would be frustrated by requiring prior notice," *Donovan v. Dewey*, 452 U.S. 594, 598–603, 101 S.Ct. 2534, 2537–2540, 69 L.Ed.2d 262 (1981); (4) the individual's privacy interest must be balanced against the "legitimate interests of the state in securing such information," *Shoemaker v. Handel*, 608 F.Supp. 1151, 1159 (D.N.J.1985), *aff'd*, 795 F.2d 1136 (3d Cir.1986), *citing McKenna v. Fargo*, 451 F.Supp. 1355 (D.N.J.1978); and (5) the testing must be "narrowly tailored to express only those compelling state interests." *Id.*

■ Although the Court of Appeals for the Third Circuit extended the administrative search exception from searches of commercial premises to include drug and alcohol testing in *Shoemaker v. Handel*, 795 F.2d 1136, 1142 (3d Cir.1986), the administrative search exception does not automatically extend to full body cavity searches. The full body cavity search is the most intrusive of searches and, consequently, must be treated with the most exacting rigor—surpassing general drug and alcohol tests. Such a search may only be conducted in the presence of a "clear indication that the suspect is carrying contraband in a body cavity." *Shoemaker*, 608 F.Supp. at 1156–1157, *aff'd*, 795 F.2d 1136 (3d Cir.1986).

## QUALIFIED IMMUNITY

■ Officials of a municipal corporation are entitled to qualified immunity from monetary liability if they act reasonably in the good faith fulfillment of their responsibilities. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir.1985).

> Government officials performing discretionary functions will be immune from liability for civil damages if their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known.

*Hynson v. City of Chester*, 827 F.2d 932 (3d Cir.1987) discussing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Furthermore, "municipalities have no immunity from damages liability flowing from their constitu-

tional violations...." *Owen v. City of Independence*, 445 U.S. 622, 657, 100 S.Ct. 1398, 1418, 63 L.Ed.2d 673 (1980).

## DISCUSSION

### THE URINALYSIS AND FULL BODY CAVITY SEARCH CLAIMS

■ Upon a thorough review of the complaint, the City of Philadelphia's motion and the applicable law of searches, I categorize the compelled urinalysis of Jude McKenna as falling within the administrative search exception. The Philadelphia police force is a quasi-military organization whose members are subject to extensive personal regulations, including conduct rules for their private lives and the requirement of constant readiness for duty. The urinalysis qualifies as an exception, based on the City of Philadelphia's strong state interest in monitoring its police officers for use of illegal substances and based on the nature of the Department as an industry so intensely regulated that its employees' expectations of privacy are necessarily and predictably diminished.

The many cases which uphold the administrative search exception—as it applies to drug testing—concern random drug testing without particularized suspicion. Although the circumstances of this case differ slightly from those cases and concern an individual officer under particularized health investigation, I find no reason to deny the City of Philadelphia an administrative search exception with regard to its conducting the urinalysis of an officer returning to duty after a disability leave. I shall therefore grant the defendants' motion to dismiss the federally based action with regard to plaintiff's urinalysis complaint.

■ I shall not grant the defendants an administrative search exception, however, as to the full body cavity search. Such an intrusive search may only be made pursuant to a heightened standard of suspicion well in excess of the reasonable suspicion standard. There are no facts alleged in the complaint from which even a suspicion can be inferred that Jude McKenna carried contraband in his body cavities. I am in no way obligated under the law to extend the administrative search exception to this—the most serious and intrusive of searches at this stage of the case. If there are facts to raise the level of suspicion or to increase the public interest in protecting the integrity of the work of the police force, then they will have to be the subject of inquiry during discovery.

It is thus premature to determine at this stage whether or not defendants are entitled to qualified immunity regarding McKenna's full body cavity search.

### PLAINTIFF'S CLAIMS UNDER THE FIRST AND FIFTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

Plaintiff does not allege in any way, shape or form in his complaint how his rights were violated or how he is entitled to relief under the First and Fifth Amendments. Plaintiff fails to plead even a bare minimum of facts regarding the nature of his First and Fifth Amendment Claims. I find that defendant is not placed on notice as to the nature of those claims and shall dismiss those First and Fifth Amendment claims.