Owen G. BROWN and Loreen E. Brown, Appellees

v.

UNITED STATES of America, Department of Housing and Urban Development, Virgilio J. Granata, Thomas Verdon, Ron Santa, Jane Smullins, Robert Wall, Edwin J. Keyes, Robert S. Ernst, Richard Hajjar, individually and trading as Hajjar Real Estate Agency, Ann Platt, Charles Beimfohr Construction Co., Charles Beimfohr, a/k/a Karl Beimfohr, Borough of Bogota Police Department, Anthony Yocovelli, Peter Hoffman, William Kennedy, Borough of Bogota, Patrick Carr, Wolfgang Albrecht, John Does and Jane Does.

Appeal of Virgilio J. GRANATA.

Virgilio J. GRANATA,
Petitioner at 87–5910,

v.

Honorable Clarkson S. FISHER, U.S.D.J. for the District of New Jersey, Respondent,

and

Owen G. Brown and Loreen E. Brown, Respondents.

Nos. 87–5471, 87–5910.

United States Court of Appeals, Third Circuit.

Argued April 12, 1988.
Decided June 21, 1988.

James A. Plaisted (argued), Walder, Sondak, Berkeley & Brogan, P.A., Roseland, N.J., for Virgilio J. Granata.

Michael DeMarrais (argued), Brown, Buckalew & DeMarrais, Hackensack, N.J., for Owen G. Brown and Loreen E. Brown.

Before HUTCHINSON, SCIRICA and GARTH, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Defendant Virgilio J. Granata appeals (at 87–5471) a district court order denying his motion to dismiss plaintiffs' complaint, which alleges violations of their constitutional rights. In the alternative, he requests relief in the form of a writ of mandamus (at 87–5910) ordering the district court to dismiss the complaint. Because the complaint stated claims arising under the law of the United States, the district court had jurisdiction under 28 U.S.C.A. § 1331 (West Supp.1988).[1] We have jurisdiction to review the district court's interlocutory order as it pertains to Granata's claim of qualified immunity under 28 U.S.C.A. § 1291 (West Supp.1988). *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *see also Musso v. Hourigan,* 836 F.2d 736, 741 (2d Cir.1988) (district court's denial of school board member's motion for summary judgment was appealable interlocutory order under

---

1. The amended complaint filed by plaintiffs in March, 1984, stated claims arising under (1) the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) (West 1976), (2) 42 U.S.C.A. § 1983 (West 1981), and (3) federal law as set forth in *Bivens v. Six* *Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It also stated a cause of action under state law, over which the district court exercised pendent jurisdiction.

*Mitchell v. Forsyth* despite court's failure to address the board member's qualified immunity defense). Our review of the legal questions presented on appeal is plenary. *See Hynson v. City of Chester,* 827 F.2d 932, 934 (3d Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 702, 98 L.Ed.2d 653 (1988).

Because the record before us is insufficient for determination of Granata's claim of qualified immunity, the only theory available to him on this appeal, that issue is not ripe for appellate determination. Therefore, we will remand to the district court for further development of the record with respect to qualified immunity. Since Granata's remedy of dismissal for properly established qualified immunity remains open, mandamus is not available.

## I. BACKGROUND

In 1969, plaintiffs Owen and Loreen Brown (the Browns) purchased a house in Bogota, New Jersey. They financed this purchase through a mortgage with Community Federal Savings and Loan Association (CFS & L). They later fell behind in their mortgage payments, and CFS & L assigned the mortgage to the United States Department of Housing and Urban Development (HUD). The Browns failed to meet the requirements of a payment schedule they set up with HUD.

In August, 1979, the Health Sanitarian for the Borough of Bogota notified HUD's Newark, New Jersey office that the Borough would have its Department of Public Works clean up garbage and debris on the Browns' property if the Browns did not do so. In September, 1979, the Bogota police chief communicated with defendant Granata, then Chief of HUD's Property Disposition Branch in Newark, and Thomas Ver-

don, HUD's Deputy Manager, to advise HUD that the Borough wanted the Browns' property cleaned up. A few days later, HUD called the Hajjar Real Estate Agency and requested that it have the property cleaned up. The Hajjar Agency arranged to have the Charles Beimfohr Construction Company clean up the property. From September 13 through September 16, 1979, the construction company removed furniture, clothing and debris from the property.

In April, 1980, the Browns filed a formal administrative claim with HUD. After that claim was denied, they filed suit in the United States District Court for the District of New Jersey, claiming that various federal and non-federal defendants had wrongfully entered their property and removed personalty, causing physical damage to the premises in the process. The district court dismissed the action, without prejudice, for lack of jurisdiction in December, 1981.

The Browns filed a similar complaint in the Superior Court of New Jersey in March, 1983.[2] The action was removed to the United States District Court for the District of New Jersey. The district court concluded that it lacked jurisdiction over the United States, HUD and the individual federal defendants in their official capacities, but granted the Browns leave to amend their complaint to include a cause of action under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 1346(b) (West 1976). The Browns filed their amended complaint in March, 1984. In May, 1984, the district court dismissed the claims against the United States, HUD and the individual federal defendants in their official capacities under the FTCA because the Browns had filed

---

**2.** The defendants named in the complaint were: the United States; the U.S. Department of Housing and Urban Development (HUD); seven present or former HUD employees (including Granata); the Hajjar Real Estate Agency, its principal and one of its former employees; the Charles Beimfohr Construction Company and it principal; the Borough of Bogota Police Department and three of its present or former employees; and the Borough of Bogota, its health sanitarian, and its former building inspector.

Counts One, Two and Eight of the complaint allege violations of plaintiffs' rights under 42 U.S.C.A. § 1983 (West 1981); Counts Three and Four are based upon *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Counts Five and Six allege violations of New Jersey law; Count Seven is based upon common-law tort principles.

suit beyond the Act's two-year limitation period, 28 U.S.C.A. § 2401(b) (West Supp. 1988).

The individual federal defendants then sought dismissal of the complaint's state law, § 1983 and *Bivens* claims, contending, *inter alia*, that the complaint was filed beyond the statute of limitations. Treating their motions as motions for summary judgment under Federal Rule of Civil Procedure 56, the district court granted summary judgment and dismissed the complaint as to the federal defendants in their individual capacities.

The Browns filed a motion for reconsideration of this order. They argued that the complaint should not have been dismissed as to defendant Granata because the statute of limitations applicable to the claims against him was tolled under N.J.Stat.Ann. § 2A:14–22 (West 1987), which provides that the statute of limitations for personal injuries will be tolled in cases where the person against whom the action is brought is not a resident of the state of New Jersey. Because Granata was a resident of the state of Connecticut when the Browns' cause of action accrued, the district court held that the statute of limitations was tolled as to those claims asserted against Granata to which the statute of limitations for personal injury applied. Accordingly, the court vacated its earlier order dismissing the complaint as to Counts One, Two, Three, Four and Eight.[3] Granata filed a motion seeking reconsideration of this order and dismissal of the complaint on grounds other than the propriety of the court's interpretation of the New Jersey tolling statute. The district court denied this motion on June 15, 1987. Granata appeals this order; he also seeks relief in the form of a writ of mandamus ordering the district court to vacate its order of June 15, 1987, and to dismiss the complaint against him.

## II. THE APPEAL

Granata contends that the complaint should have been dismissed because (1) he is protected from suit under the doctrine of qualified immunity; (2) he was not served with process within 120 days, *see* Fed.R. Civ.P. 4(j); (3) the district court erred in applying New Jersey's tolling statue;[4] (4) 28 U.S.C.A. § 2676 (West 1965) bars further proceedings against him in light of the court's dismissal of the Federal Tort Claims Act suit against the United States; (5) the complaint alleges actions taken under color of federal authority and thus does not state a valid claim under 42 U.S.C.A. § 1983; and (6) the complaint does not state a constitutional cause of action.

■ Because the district court's order denying Granata's motion to dismiss the complaint is interlocutory, we must first determine whether we have appellate jurisdiction. Granata asserts that the district court's denial of his dismissal motion is appealable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[5]

---

**3.** The district court had dismissed these counts on statute of limitations grounds. It dismissed Counts Five, Six and Seven, which were grounded in New Jersey state law, because it concluded that the federal defendants were acting within the scope of their authority and were immune from suit as to these claims.

**4.** Granata contends the court erred in two respects. First, it improperly construed *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), to include New Jersey's tolling statute in addition to its statute of limitations for personal injury actions. Second, it committed a more basic error in applying the state personal injury statute of limitations to the *Bivens* counts of the complaint (Counts Three and Four); because *Bivens* actions are based on the federal Constitution, the court should have looked to

the two-year statute of limitations period of the Federal Tort Claims Act (to which the New Jersey tolling provision would not apply). Since we lack appellate jurisdiction over this uncertified interlocutory order as it pertains to these issues, *see infra* at 619, we simply recount these contentions, implying neither approval nor disapproval of the district court's reasoning or holdings with respect to them.

**5.** The Supreme Court has articulated a three-prong test to determine whether an order is appealable under the *Cohen* collateral order doctrine:

First, the order must "conclusively determine the disputed question." *Coopers & Lybrand v. Livesay*, [437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)]. Second, the

The Supreme Court has held that an order denying a claim of qualified immunity is not effectively reviewable after the case is adjudicated and hence is appealable before final judgment under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The district court's order is, therefore, immediately reviewable to the extent that it denied Granata's motion on the ground of qualified immunity.

The other issues raised by Granata, however, may be reviewed upon appeal from final judgment. As it pertains to these issues, the order fails to meet the "unreviewability" criterion of the three-pronged test developed in *Cohen* and its progeny, and thus is not immediately appealable under the collateral order doctrine. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, — U.S. —, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988).

Having settled the question of our appellate jurisdiction, we next address the question of Granata's qualified immunity. As the law has developed, government officials who perform discretionary functions have qualified immunity shielding them from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). As most recently explained by the Supreme Court:

> The operation of this standard, however, depends substantially upon the level of generality at which the relevant "legal rule" is to be identified. For example, the right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action that violates that Clause (no matter how unclear it may be that the particular action is a violation)

violates a clearly established right. Much the same could be said of any constitutional or statutory violation. But if the test of "clearly established law" were to be applied at this level of generality, it would bear no relationship to the "objective legal reasonableness" that is the touchstone of *Harlow*. Plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights. *Harlow* would be transformed from a guarantee of immunity into a rule of pleading. Such an approach, in sum, would destroy "the balance that our cases strike between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties," by making it impossible for officials "reasonably [to] anticipate when their conduct may give rise to liability for damages." It should not be surprising, therefore, that our cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent.

*Anderson v. Creighton*, — U.S. —, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987) (footnote and citations omitted).

■ We have examined the record and find it is presently insufficient for application of the legal standard set forth in *Anderson*. It contains neither an affidavit

---

order must "resolve an important issue completely separate from the merits of the action." *Ibid.* Third and finally, the order must be "effectively unreviewable on appeal from a final judgment." *Ibid.* (Footnote omitted).

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, — U.S. —, 108 S.Ct. 1133, 1136–37, 99 L.Ed.2d 296 (1988).

**620**

nor deposition testimony from defendant Granata setting forth his own account of his actions and the information on which he relied in taking them.[6] *See Anderson*, 107 S.Ct. at 3040 (reasonableness of federal official's belief is an objective, fact-specific question).

We note that the record does contain the deposition transcript (or excerpts therefrom) of the principal and a former employee of the Hajjar Real Estate Agency, and of Charles Beimfohr. This testimony is not sufficient to meet Granata's burden of showing, without material factual dispute, that his actions were objectively reasonable under the circumstances of this case in light of law clearly established when he acted.

■ An examination of the district court's orders of October 2, 1986 and June 15, 1987, and its opinion dated June 12, 1987, shows that it has not addressed and, therefore, has yet to rule upon the question of qualified immunity. Thus, although it is within our power to do so, it would be inappropriate for us to decide this question on appeal, even if the record provided a sufficient basis for its resolution. *See Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir.1987) (issues properly before appellate court are those upon which the district court ruled in denying relief).[7]

## III. MANDAMUS

■ In the alternative, Granata has asked us to issue a writ of mandamus under The All Writs Act, 28 U.S.C.A. § 1651(a) (West 1966), if we determine that the issues he raises are not reviewable by way of appeal. This court reads § 1651(a) narrowly, holding that a writ of mandamus should issue when (a) the party seeking the writ has "no other adequate means to attain the relief he desires," and (b) the court below has committed a clear error of law. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1118 (3d Cir.1986) (quoting *Sporck v. Peil*, 759 F.2d 312, 314 (3d Cir.1985)).

For the reasons set forth in Part II, we cannot conclude that Granata has no other adequate means to attain the relief he desires, *i.e.*, relief from this suit at a preliminary stage of the proceedings. The district court has not yet addressed the question of qualified immunity. Issuance of a writ of mandamus, therefore, would not be proper at this stage of the proceedings.

## IV. CONCLUSION

For the foregoing reasons, we conclude that we may not exercise appellate jurisdiction over the district court's order denying Granata's motion to dismiss plaintiffs' complaint, nor can we issue the writ of mandamus. We will remand to the district court for further proceedings consistent with this opinion.

---

**6.** His subjective reasons for his actions are not relevant under *Anderson*. *See Lee v. Mihalich*, 847 F.2d 66, 69 (3d Cir.1988).

**7.** This opinion does not preclude summary judgment on the grounds of qualified immunity upon development of an appropriate record.