

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2005

# Allen v. York

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1946

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Allen v. York" (2005). *2005 Decisions.* Paper 1367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-1946

_____

MICHAEL ALLEN; DEBRA TAYLOR, Individually and as
Co-Administrators of the Estate of Lillie Belle Allen,
Deceased; HATTIE DICKSON, Individually and as Administratix
of Estate of Murray Dickson, Deceased; JENNIE SETTLES, as
Administratix of the Estates of James and Beatrice Moseley,
Deceased

v.

CITY OF YORK, PENNSYLVANIA; RAY MARKEL, Individually and in
His Official Capacity as a Former City of York Police Officer;
DENNIS MCMASTER, Individually and in His Official Capacity as
a Former City of York Police Officer; CHARLES ROBERTSON,
Individually and in His Official Capacity as a Former City of
York Police Officer; JAMES VANGREEN, Individually and in His
Official Capacity as a Former City of York Police Officer; RONALD
ZEAGER, Individually and in His Official Capacity as a Former
City of York Police Officer

Ray Markel, Individually and in His Official Capacity
as a Former City of York Police Officer; Dennis McMaster,
Individually and in His Official Capacity as a Former
City of York Police Officer; Charles Robertson, Individually
and in His Official Capacity as a Former City of York
Police Officer; James VanGreen, Individually and in His
Official Capacity as a Former City of York Police Officer;
Ronald Zeager, Individually and in His Official Capacity
as a Former City of York Police Officer,

*Appellants*

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 03-cv-00169)
District Judge: Honorable Yvette Kane
_____


Argued March 29, 2005
Before: ALITO, SMITH and BECKER, *Circuit Judges*.


(Filed: April 13, 2005)


JAMES D. YOUNG, ESQUIRE (Argued)
Lavery, Faherty, Young & Patterson
225 Market Street, Suite 304
Harrisburg, PA  17108

      Attorney for Appellants

DONALD B. HOYT, ESQUIRE
Blakey, Yost, Bupp & Rausch
17 East Market Street
York, PA 17401

HAROLD I. GOODMAN, ESQUIRE (Argued)
Raynes McCarty Binder Ross & Mundy
1845 Walnut Street, Suite 2000
Philadelphia, PA  19103

     *Attorneys for Appellees*

_____

BENCH OPINION
_____


BECKER, *Circuit Judge.*

(Whereupon the following occurred in open court.)

JUDGE BECKER: I will deliver a bench opinion. This appeal will be dismissed for lack of appellate jurisdiction. The entire appellate brief is devoted to the issue of statute of limitations. Denials of statute of limitations defenses do not satisfy the requirements of a collateral order and are therefore not subject to immediate appellate review. We have so held in *Bell Atlantic v. Pennsylvania Public Utility Commission*, 273 F.3d 337 (3d Cir. 2001); *Brown v. United States*, 851 F.2d 615 (3d Cir. 1988), and in a number of other cases.

In an attempt to avoid section 1291's jurisdiction bar, defendants have couched their appeal in terms of their rights to qualified immunity. And they claim that the statute of limitations defense is subsumed under qualified immunity. But, as I noted, all of the arguments involve only the statutes of limitations defense; they contend that the limitations period should not be tolled on the basis of fraudulent concealment because the complaint is devoid of factual support for fraudulent concealment. They argued that the plaintiffs failed to exercise reasonable diligence in bringing their claims, particularly because the events underlying their claim were the subject of a class action suit against City of York officials, which was the subject of detailed fact findings by Judge Nealon.

But at bottom, they admit that their appeal is based on their statute of limitations defense. They urged the Court to expand the doctrine to encompass this time-bar issue, even though they acknowledge that there is no reported case ever anywhere that supports this proposition. But the law is clear that for purposes of interlocutory appeals, the

distinction between a qualified immunity defense and a statute of limitation defense is clear and significant. And *Bell Atlantic* and *Brown* make those points clearly. Insofar as we might analyze this separately under the requisites of the collateral order doctrine as explicated by the Supreme Court in *Cohen v. Beneficial*, plainly the third prong effective on reviewability is not met here and there's a question as to the second and perhaps even to the first.

At all events, it is clear to this panel that we lack appellate jurisdiction to hear this case. The appeal will be dismissed. However, exercising our discretion, we decline to impose double costs under Rule 38 of the Federal Rule of Appellate Procedure.

This constitutes the opinion and judgment of this Court, subject to comments which I will now solicit or elicit from Judge Alito and Judge Smith, will in due course be transcribed and entered as a non-precedential opinion of the Court.

Judge Alito, any additions or corrections?

JUDGE ALITO: No. I have no additional comments.

JUDGE BECKER: Judge Smith?

JUDGE SMITH: Nothing to add, Judge Becker.

THE COURT: All right, thank you gentlemen.

(Proceeding adjourned.)