Polhemus *v.* Holland Trust Co.

PETER G. POLHEMUS

*v.*

THE HOLLAND TRUST COMPANY.

[Filed February 2d, 1900.]

| 59 | 93 |
| 61 | 501 |
| r61 | 654 |

| 59 | 93 |
| 63 | 272 |

1. Where defendant held bonds of a foreign corporation as security for a loan, under an agreement that they should be surrendered as the corporation might sell them, and that the proceeds of the sale should be applied in liquidation of the debt, and plaintiff was induced to purchase some of the bonds by defendant's clerk, by false representations that they were first mortgage bonds, defendant was not liable for the loss sustained, since the clerk, in such transaction, acted for the corporation and not as defendant's agent.

2. A transferee of bonds cannot rescind the sale on the ground that it was induced by fraudulent representations and recover the amount paid, in equity, since the recovery of money paid under false representations is not within the scope of modern equity jurisdiction.

3. Where a trust company held a mortgage to secure bonds issued by a foreign corporation, by the terms of which the bonds were to be delivered to the corporation and to the holders of other bonds, in exchange for bonds previously issued, and the trust company was not required to sell the bonds, it was not a trustee for the bondholders, and hence was not liable for false representations of its clerk in the sale of part of the bonds pledged to secure a loan to the corporation while such clerk was acting as agent of the corporation.

4. Where a trust deed given to a foreign trust company to secure bonds of a foreign corporation required the trust company to certify the bonds and deliver them to the corporation on resolutions showing expenditure of certain sums in improvements, and the trust company certified and delivered the bonds in the state of its domicile without the improvements being made, the courts of New Jersey had no jurisdiction of a suit by a purchaser of the bonds in that state from an agent of the corporation against the trust company for such wrongful certification and delivery.

On final hearing.

*Mr. John S. Voorhees,* for the complainant.

*Mr. Washington B. Williams,* for the defendant.

REED, V. C.

The Ellenville Gas Light Company of New York State, on September 5th, 1880, issued twenty-five bonds, par value $500 each, aggregating $12,500. These bonds were payable to one Terwilliger. To him was also made a mortgage upon the plant of the gas light company to secure the said bonds.

On August 31st, 1889, the gas light company entered into an agreement with the Holland Trust Company, by which a new and enlarged issue of its corporate bonds were to be made, and the old issue was to be withdrawn, by the substitution of new bonds for the old bonds. The new issue of seventy-five bonds of $500 each (total, $37,500) to be secured by a mortgage upon the plant of the gas light company to be made to the Holland Trust Company. Upon the execution of the new mortgage upon all of the property of the gas light company, twenty-five bonds, which will be styled the first of the three series, were to be executed by the president and secretary of the gas light company, and certified by the Holland Trust Company, and immediately delivered to the treasurer of the gas light company, to be by him applied to the payment of the then outstanding liabilities or floating debt of the gas light company. These bonds were to be and were numbered from one to twenty-five.

Another twenty-five bonds, which will be styled the second

issue, were pledged and set apart for the retirement of the twenty-five old bonds secured by the Terwilliger mortgage. They were to be separately certified by the Holland Trust Company, and delivered to any person presenting and surrendering up for cancellation any one or more of the old bonds. They were to be numbered from twenty-six to fifty.

Another set of twenty-five bonds, which will be styled the third series, were to be issued and the proceeds used for extensions and permanent improvements of the gas light company's plant. The Holland Trust Company was to certify and deliver to the gas light company so many of the said bonds as to equal the money so expended, and upon a resolution of the board of directors duly certified by the secretary, under seal of the gas light company, showing that the said company had actually expended in extensions and permanent improvements to its works an amount of money equivalent to the par value of the bonds to be so approved. These bonds were to be numbered from fifty-one to seventy-five.

All of the first series of bonds were issued. Nine of the second issue were exchanged for the same number of old bonds. All but one of the third issue were issued, some upon a sufficiently certified resolution of the board of directors, and some upon an insufficient resolution. Sixteen of the old bonds remained outstanding, and a default in payment occurring the Terwilliger mortgage was foreclosed and the entire property of the gas light company was sold for the sum of $10,850.

The complainant is the owner of bonds of each of these series. He brings this suit against the Holland Trust Company to compel it to make good his loss. He became possessed of these bonds in this way: On March 8th, 1891, he bought one bond at the office of the Holland Trust Company, in New York City. He says that in doing this he dealt with one of the clerks—a Mr. Mabon—and paid him for the bond. Afterwards, at New Brunswick, he bought six bonds of the same Mr. Mabon, for which he gave stock and a check to the order of the Holland Trust Company. He says at the time of these sales Mr. Mabon represented to him that the bonds were first mortgage bonds.

Polhemus v. Holland Trust Co.

The complainant also says that in 1890 Mr. Van Sicklen, the secretary of the trust company, told him at the company's place of business in New York City that these bonds were first mortgage bonds, but this is not established by a preponderance of testimony.

It is claimed that these representations of Mabon were false, and by means of them complainant was induced to part with his money, and that those who received it should now be compelled to refund. This is the primary ground for relief.

It is insisted, in the second place, that the issue of those bonds of the third series, held by the complainant, were the result of the negligent conduct of the defendant in not getting proper certified resolutions in respect to the amount of permanent improvements made by the gas light company.

It is insisted, in the third place, that the defendants are liable to pay over to the complainant four twenty-fifths of the amount received at the foreclosure sale under the Terwilliger mortgage, upon the theory that the trust company should have received nine twenty-fifths on account of the nine old bonds which it had taken in exchange for the new bonds.

First, then, in respect to the right of the complainant to recover upon the ground that Mr. Mabon falsely represented that the bonds were secured by a first mortgage.

The defendant insists that Mr. Mabon, whatever his representations, was not its agent. I am of the opinion that it is not proved that Mr. Mabon did represent the Holland Trust Company in the transaction. The bonds belonged to the gas light company. Mr. Hilliard, the secretary of the gas light company, had put them in pledge with the trust company for a loan. Hilliard was trying to sell the bonds, and for the purpose of using the money received from such sale to pay off the said loan. The bonds were delivered up by the trust company upon condition that the price received for them was to be paid to it in liquidation of the loan. This accounts for the fact that the checks for the bonds were made payable to the Holland Trust Company. Mr. Mabon, in selling the bonds, was work-

ing in the interest of Mr. Hilliard and not as agent of the trust company.

But if I should have concluded that Mr. Mabon was selling these bonds for the trust company, would the suit lie? The only theory upon which the suit can be maintained in respect to the bonds now under consideration is that the sale was fraudulent, and therefore the complainant has the right to rescind the transaction and recover back his money. But the recovery of money paid by the inducement of false representations is not within the scope of modern equity jurisdiction. *Krueger* v. *Armitage, 13 Dick. Ch. Rep. 357.*

The only conceivable answer to this recent promulgation of this equitable rule in this court is that the defendants are trustees, and as such owed a duty to the bondholders, in the performance of which duty it failed through the act of its agent. But an inspection of the provisions contained in the mortgage agreement between the two companies discloses no duty on the part of the trust company to sell bonds. By the terms of that agreement the first and third series of bonds were to be delivered absolutely to the gas light company, and the second series were to be delivered in exchange for the bonds of the old series. The possession of the trust company of those particular bonds occurred not by reason of its being trustee of the bondholders, but because it had taken them in pledge, and they were so taken, as any other property of like character might be taken, as collateral security for a loan. If they sold the bonds, they did so as pledgees with the concurrence of Mr. Hilliard, the pledgor. The relation being that of vendor and purchaser was no more a trust relation than would be that of any other seller and purchaser.

Upon the first point I do not see any ground for relief.

Secondly, in respect to the certification of those bonds of the third series, as to which there was no certified resolution in conformity with the mortgage agreement.

I am of the opinion that the trust company owed a duty to the bondholders to certify such bonds only upon performance of the condition precedent mentioned in the trust mortgage. It

7

Polhemus *v.* Holland Trust Co.

was the duty of the trust company to see that the provisions for increasing the security of the mortgage *pari passu* with the increase of the debt, after $25,000 worth of bonds were issued, should be observed.

It is true the observance of these provisions might not be a complete safeguard against the fraudulent conduct of the board of directors of the gas light company, but so far as it was a protection it was incumbent upon the trust company to see the condition carried out. The very first resolution of the board of directors, it is true, was fraudulent, for not $1,000 had been expended in permanent improvements, and the resolution stated that $5,000 had been so expended. The other resolutions were, I think, intentionally defective and intended to mislead, for it conclusively appears that no more work had been done in the way of improvements upon the gas light company's plant. While the trust company was not responsible for the fraudulent passage of such resolutions without its knowledge, it was responsible for the fact that it approved bonds with no resolution at all properly certified.

But, assuming that the trust company, as a trustee, owed a debt to all bondholders in this respect and that it failed to perform its duty, how does the case stand?

In the first place, this ground for relief is not set out in the bill. The complainant's right to relief is rested upon the false representation of the alleged agent of the trust company that the bonds sold to complainant were first mortgage bonds.

In the second place, a plea to the jurisdiction of this court to take cognizance of the subject-matter of the suit was filed to the bill, and the ground of such plea was that the defendant was a foreign corporation not amenable to service of process in this state.

The plea was overruled, upon the single ground that if the person whom it was alleged in the bill sold the bonds in this state at the time made the false representations set out in the bill was the agent of the trust company to sell such bonds, then the cause of action arose here, and this fact conferred jurisdiction upon this court in this state.

Polhemus v. Holland Trust Co.

The court refused to try the question of agency under the issue raised by the plea because it involved directly the whole merits of the controversy and because the facts stated in the plea being such as defeated the suit, could be pleaded as such, and therefore was not a fit ground for a plea to the jurisdiction of the court. *National Condensed Milk Co.* v. *Brandenburgh et al., 11 Vr. 112.*

The plea being stricken out, the objection to jurisdiction was reserved in the answer.

Now, I have determined that the person who made the alleged representation was not the agent of the Holland Trust Company for the sale of the bonds. Therefore, the foundation upon which jurisdiction is rested, namely, that the cause of action raised in this state, has disappeared. If, therefore, by amendment to the bill, the facts supporting the second ground for relief were inserted they would not invest this court with jurisdiction to try them. It is clear that the liability of the trust company, under this phase of the case, would have arisen at the moment they approved the bonds without requiring the production of a properly-certified resolution, as provided for in the trust mortgage, and this act was executed in the State of New York and not in this state. For this reason I am constrained to refuse relief upon this ground.

In respect to the third ground for relief, the same difficulty which prevents the complainant from obtaining the relief under the second point also supervenes in this. The ground for relief is not set out in the bill, and the facts upon which the right to such relief is grounded makes the transaction one occurring within the State of New York. For these reasons I am constrained to the conclusion that the complainant is not entitled to relief in this court, and his bill must be dismissed.