EDWIN R. COCHRAN, JR., Receiver of Commonwealth Finance Corporation, a corporation,

*vs.*

THE F. H. SMITH COMPANY, a corporation.

*New Castle, May 18, 1934.*

160

162

*C. Edward Duffy,* of the firm of Hastings, Stockly & Duffy, *Francis W. Hill, Jr.,* and *Nugent Dodds,* both of Washington, D. C., and *Nathan J. Felsenberg,* of Baltimore, Md., for complainant.

*Christopher L. Ward, Jr.,* and *Josiah Marvel, Jr.,* of the firm of Marvel, Morford, Ward & Logan, for defendant.

THE CHANCELLOR: The defendant's demurrer raises several grounds of objection to the bill. There is one ground that is fundamental and, if well taken, renders unnecessary the consideration of the others.

It does not seem necessary to cite authority to sustain the proposition that an action at law would lie against the defendant if it did, as charged in this bill, induce the Commonwealth Finance Corporation to purchase the various notes by representations that amounted to fraud. Deceit would be the basis of the action, and of course the remedy, if the complainant prevailed, would be a judgment for the amount of the damages shown to have been suffered.

Now that is exactly the remedy which this bill seeks to secure; only here the judgment would be called a decree. The bill does not seek any remedy peculiar to equity procedure, such as rescission. It asks for a decree for damages occasioned by fraud. It uses the word "account." But if

the word is meant in the technical sense of accounting, it is inappropriately used in this bill. There is no situation calling for the equitable remedy of an accounting. The bill asks that the amounts of the loss which the defendant's alleged false representations caused the Commonwealth Finance Corporation to suffer "be stated and that the plaintiff may have judgment therefor as at law with the right and privilege to issue executions thereupon as may be necessary to realize on such judgment." This language very aptly harmonizes with the essential legal nature of the demands.

Fraud is at the basis of the claims asserted by the complainant. It appears sometimes to be thought that if fraud be present in any situation the *open sesame* has been found upon the pronouncing of which the doors of equity are flung wide apart. That is a misconception. It is not every fraud case that is entitled to be redressed in equity. If all that is sought in equity as a relief against fraud is nothing more than what legal tribunals can afford, then equity will not stir itself.

This subject is found fully discussed in 1 *Pomeroy, Equity Jurisprudence,* (*4th Ed.*), § III, wherein the author treats of "The Concurrent Jurisdiction." In *Polhemus v. Holland Trust Co.,* 59 *N. J. Eq.* 93, 45 *A.* 534, 536, it was remarked that "the recovery of money paid by the inducement of false representations is not within the scope of modern equity jurisdiction." Similarly the Supreme Court of the United States in *Buzard v. Houston,* 119 *U. S.* 347, 7 *S. Ct.* 249, 252, 30 *L. Ed.* 451, said:

"In cases of fraud or mistake, as under any other head of chancery jurisdiction, a court of the United States will not sustain a bill in equity to obtain only a decree for the payment of money by way of damages, when the like amount can be recovered at law in an action sounding in tort or for money had and received."

If the complainant could secure the sort of decree he seeks in this court, the same facts would enable him to

obtain identical relief in a court of law. Even if equity possessed jurisdiction concurrently with law, the suit is of such nature and the relief sought of such character, that equity would apply to it, by way of analogy, the bar of the statutory period of limitations applicable at law. *Perkins v. Cartmell*, 4 *Har.* 270, 42 *Am. Dec.* 753. Laches may be raised by a demurrer, as the defendant here has done. *Cartmell, et al., v. Nigro,* 19 *Del. Ch.* 231, 165 *A.* 625; *Martin v. Martin, et al., (Del. Ch.)* 74 *A.* 864.

The prayer that the compromise agreement be cancelled does not aid the jurisdiction. The only purpose of the requested cancellation is to remove an obstacle in the way of the complainant's approach to proof of the wrongs alleged to have been done in the original transactions. If the compromise agreement was obtained by fraud as alleged, the same fraud would be a good reply to the agreement if the defendant should plead it as a defense at law in an action or actions based on the original frauds.

The demurrer will be sustained.