M. Lowell HARMAN, Plaintiff,

v.

MASONEILAN INTERNATIONAL, INC., Studebaker–Worthington, Inc., Worthington Corporation, Derald H. Ruttenberg, P. L. Thibaut Brian, Richard D. Colburn, J. Robert Glomeau, Randolph H. Guthrie, Leslie T. Welsh and Marc E. Porter, Defendants.

Court of Chancery of Delaware, New Castle County.

Submitted May 1, 1980.

Decided July 3, 1980.

Joseph A. Rosenthal of Morris & Rosenthal, P.A., Wilmington, and Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

A. Gilchrist Sparks, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, and Hale & Dorr, Boston, Mass., for defendant Masoneilan Intern., Inc.

Rodman Ward, Jr., and Carolyn Berger of Skadden, Arps, Slate, Meagher & Flom, Wilmington, for defendants Studebaker–Worthington, Inc. and Worthington Corp.

MARVEL, Chancellor:

Plaintiff alleges in his complaint, which was filed on July 20, 1979, being an action brought for the alleged benefit of himself and all former public stockholders of Masoneilan International, Inc., other than the defendants, their subsidiaries and affiliates, that he was the owner and holder of 17,100 common shares of such corporation prior to its merger into the defendant Worthington Corporation, a wholly–owned subsidiary of the defendant Studebaker–Worthington, Inc., which merger occurred on May 26, 1977, or over two years before this action was filed. Immediately prior to such merger Masoneilan had issued and outstanding 400,000 shares of common stock and 1,470,-000 of Class B common stock, the common stock being publicly held, while all of the Class B common stock, constituting 93.4% of the total voting power of Masoneilan, was held by the defendant Worthington Corporation, thereby giving the latter control over the affairs of Masoneilan.

The complaint goes on to allege that because of Worthington's controlling ownership of stock in Masoneilan and Studebaker–Worthington's ownership of all of the issued and outstanding shares of Worthington, such corporations were at all times here relevant in control of the affairs of Masoneilan, including the act of the selecting and electing its board of directors. Named as defendants against whom relief was sought in addition to Studebaker–Worthington, Inc. and Worthington Corporation were the directors[1] of Masoneilan, several of whom were at the time also directors and officers of Studebaker–Worthington. While this action is purportedly brought for the benefit of all other public stockholders of Masoneilan as well as for plaintiff, there has been no determination by the Court as to whether or not it may be maintained as a class action, Rule 23(c)(1).

The complaint goes on to allege that because of the stock ownership and control held and exercised by the several defendants over the affairs of Masoneilan, as outlined above, that such parties stood in a fiduciary position vis à vis plaintiff at the time of the matters complained of and accordingly had an obligation to act with entire fairness in their dealings with plaintiff as well as in their dealings with other public shareholders of Masoneilan.

1. There being some doubt as to their amenability to process in Delaware, these defendants were dismissed as parties without objection on the part of the plaintiff by order entered on October 18, 1979.

Contending that in planning the Masoneilan merger a fraudulent scheme had been devised by the defendants prior to May 1977 designed to deprive plaintiff of a large part of the intrinsic value of his stock, plaintiff goes on to allege that such purpose was sought to be achieved by means of a merger under the provisions of which each share of Masoneilan stock was to be converted into a fraction of a share of Studebaker–Worthington common stock by means of an unfair formula whereby each share of publicly held Masoneilan stock was to be automatically converted into .8461 of a share of Studebaker–Worthington stock with a then market value of approximately $39.60, an amount which plaintiff claims was substantially less than the true value of such stock in light of the bright prospects for Masoneilan, which were allegedly clearly apparent at the time, after a substantial growth in earnings over the preceding seven years.

Plaintiff further alleges that no legitimate business purpose of either Masoneilan, Studebaker–Worthington or of Worthington was served by the merger under attack and that the sole purpose of such merger was actually to benefit both Studebaker–Worthington and Worthington as well as to benefit indirectly all of the other defendants, such improper purpose not having been fairly disclosed in proxy material dated May 4, 1977, the true purpose of said merger having been to bestow a benefit on such defendants by the elimination of the minority public stockholders of Masoneilan for a grossly inadequate consideration.

The relief sought by plaintiff is the entry of an order to the effect that the merger complained of is illegal and void and granting each class member as a former stockholder of Masoneilan the option of returning the Studebaker–Worthington shares received by him in connection with the merger in question in exchange for the relinquished Masoneilan shares, relief which would, in the case of those former stockholders of Masoneilan who might exercise such option, call for a form of rescission of the transaction complained of. Also sought is an accounting to plaintiff and all members of his class for the damages sustained by such members as a result of the actions complained of. Significantly, the complaint does not seek the granting of injunctive relief, having been filed over two years after the merger of Masoneilan into Worthington Corporation. Furthermore, turning to the subsequent merger of Studebaker–Worthington into McGraw Edison on October 24, 1979, when such merger was clearly imminent in the summer and autumn of 1979, no effort was made by plaintiff to obtain injunctive relief from this Court against the consummation of such second merger.

Following the May 26, 1977 merger of Masoneilan into Worthington Corporation and the conversion of each share of its stock into .8461 shares of Studebaker–Worthington stock, the latter stock proceeded to be actively traded on the New York stock exchange in many thousands of transactions. Thereafter, during the period from July 5, 1979 through July 17, 1979, Studebaker–Worthington made several public announcements concerning the proposed merger of one or more of its subsidiaries into McGraw–Edison, and on October 24, 1979, a Studebaker–Worthington–McGraw–Edison merger was consummated, the former becoming an indirect wholly–owned subsidiary of McGraw–Edison, each outstanding share of Studebaker–Worthington stock, other than shares held by Edison International, Inc., a subsidiary of McGraw–Edison, being granted the right to receive cash in the amount of $51.50.

■ Assuming but not deciding that a plaintiff in a situation such as the one here presented would, if successful at trial, normally be entitled to some sort of rescission, I am satisfied that such form of relief is barred to plaintiff by laches, he having sat idly by while other investors drastically changed their positions. Accordingly, whether or not it would be technically possible to undo the results of the two mergers here in issue which occurred over a two year period, which is extremely doubtful, *Mills v. The Electric Autolite Company, et*

*al.* CCH Fed.Sec. § 93,354 (N.D.Ill. (1972)), I conclude that the only feasible relief to which plaintiff would be entitled is therefore the assessment of such money damages as he may have been caused to have improperly suffered as a result of the actions complained of.

Submitting that the relief actually sought by plaintiff is the recovery of money in the form of damages sustained by plaintiff as a result of the Masoneilan merger of which he complains and that he has an adequate remedy at law for what would essentially be a money judgment and that the equitable relief of rescission insofar as it is sought by plaintiff is literally impossible as a practical matter, the remaining defendants have moved to dismiss the complaint for lack of jurisdiction of the subject matter on the grounds that (1) the only relief requested which might involve this Court's jurisdiction is either impossible or impractical, and (2) that the plaintiff has an adequate remedy at law.

■ First of all, it is clear that this Court is one of limited jurisdiction and may not entertain a cause of action for which there is an adequate remedy at law, 10 Del.C. § 342. And the mere fact that a prayer of a complaint asks for the granting of equitable relief will not confer jurisdiction on this Court, which is required to go behind the facade of prayers in order to determine what a plaintiff actually seeks, namely legal or equitable relief, *Hughes Tool Company v. Fawcett Publications, Inc.*, Del.Ch., 297 A.2d 428 (1972).

■ Here, it is clear that what plaintiff really seeks is money damages resulting from what he claims to have been unfair mergers. And the mere fact that plaintiff contends that fraud has been exercised in bringing about the present value of what was once his stock in Masoneilan, mere allegations of fraud do not per se establish equitable jurisdiction, *Cochran v. F.H. Smith Co.*, 20 Del.Ch. 159, 174 A. 119 (1934).

■ Next, this case is not concerned with insolvency or the establishment of a trust, the existence of which in corporate litiga-

tion will in themselves confer equitable jurisdiction, *Cahall v. Burbage*, Del.Ch., 13 Del.Ch. 299, 119 A. 574 (1922), and *Bovay v. Byllesby and Co.*, 25 Del.Ch. 1, 12 A.2d 178, rev'd, 27 Del.Ch. 381, 38 A.2d 808 (1944). There is no indication on the present record that the present corporate defendants are in any way insolvent.

■ Furthermore, the mere fact that plaintiff seeks an accounting does not convert an action for damages into an equitable action, *Cochran v. F.H. Smith Co.*, supra, and *Cheese Shop International, Inc. v. Steele*, Del.Ch. 303 A.2d 689, rev'd on other grounds, Del.Supr., 311 A.2d 870 (1973).

Plaintiff goes on to contend that in any event that he has standing to bring this action in this Court on the basis of a claim of an alleged breach of duty on the part of fiduciaries in connection with the Studebaker–Worthington Masoneilan merger, arguing that such breach of duty which therein allegedly occurred in itself furnishes a basis for equitable jurisdiction. However, it is clear on the record before me that Masoneilan was a wholly passive entity insofar as the initial merger is concerned, 93.5% of its voting stock being held by Studebaker–Worthington. Consequently, its actions were clearly controlled. Furthermore, the complaint against the other defendants also fails in its effort to invoke the principle of fiduciary duty. Assuming that Worthington and Studebaker–Worthington owed a fiduciary duty to the public stockholders of Masoneilan, the complaint again fails to state a claim for equitable relief inasmuch as the initial merger was so designed that Worthington and Studebaker–Worthington were unable to control the vote on its outcome, the votes of a majority of the public minority stockholders of Masoneilan in its favor being required in order to effectuate the merger. Compare *Weinberger v. UOP*, Del.Ch., 409 A.2d 1262 (1979).

■ Finally, turning to plaintiff's contention that inasmuch as he brings this action not only for himself but for all other former public stockholders of Masoneilan and that this Court should accordingly as-

sume jurisdiction of this cause of action in order to avoid a multiplicity of suits, it is clear that such ground of equitable jurisdiction exists only if the threat of a multiplicity of suits is both real and imminent and here there is no suggestion in the record before the Court that any other suit attacking the mergers here involved is pending in Delaware or in any other jurisdiction other than the dormant case brought by plaintiff in the courts of New York, a case in which plaintiff is represented by counsel of record in this case. Compare *Delaware Bankers Association v. Division of Revenue*, Del.Ch., 298 A.2d 352 (1972), and *Schneider v. Wilmington Trust Co. et al.*, Del.Ch., 310 A.2d 897 (1973), rev'd on other grounds, Del. Supr., 320 A.2d 709 (1974). In the last cited case the Supreme Court of Delaware clearly held that Rule 23 is a procedural and not a jurisdictional rule.

■ The motion of defendants to dismiss the complaint for lack of jurisdiction of the subject matter of this action will be granted on notice subject to the right of the plaintiff to remove this case to a court of competent jurisdiction under the provisions of 10 Del.C. § 1902.

Order on notice.