# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FIRMENICH INCORPORATED,    )
                                   )

      Plaintiff,            )
                                   )   C.A. No. N19C-01-320 MMJ [CCLD]

      v.                   )
                                   )

NATURAL FLAVORS, INC., HARRIS )   **FILED UNDER SEAL**
STEIN, HEBERT STEIN, JASON    )
STEIN, JOCELYN MANSHIP, and   )
JULIE WEISMAN,            )
                                   )

      Defendants.       )

Submitted: February 10, 2020
Decided: April 7, 2020

On Defendants' Motion to Dismiss

## OPINION

Alizia R. Karetnick, Esq., (Argued), Ballard Spahr LLP, Philadelphia, Pennsylvania, Brittany M. Giusini, Esq., (Argued), Elizabeth A. Sloan, Esq., Ballard Spahr LLP, Wilmington, Delaware, *Attorneys for Plaintiff*

Lisa Zwally Brown, Esq., (Argued), Steven T. Margolin, Esq., Samuel Moultrie, Esq., Greenberg Traurig, LLP, Wilmington, Delaware, Jason Kislin, Esq., Matthew F. Bruno, Esq., Greenberg Traurig, LLP, Florham Park, New Jersey, *Attorneys for Defendants Natural Flavors, Inc., Harris Stein, Herbert Stein and Jason Stein*

Jeffrey W. Lorell, Esq. (Argued), Nino A. Coviello, Esq., Alex C. Banzhaf, Esq., Saiber, LLC, Florham Park, New Jersey, Paul Cottrell, Esq., Melissa L. Rhoads, Esq., Tighe & Cottrell, P.A., Wilmington, Delaware, *Attorneys for Defendants Jocelyn Manship and Julie Weisman*

**JOHNSTON, J.**

1

**FACTUAL AND PROCEDURAL CONTEXT**

Plaintiff Firmenich, Inc., ("Firmenich") develops and manufactures fragrances and flavors.[1] Firmenich entered into an Asset Purchase Agreement ("APA") to purchase Defendant Natural Flavors, Inc. ("Natural Flavors"). The remaining Defendants are shareholders of Natural Flavors: Harris Stein, Herbert Stein, Jason Stein, Jocelyn Manship, and Julie Weisman.[2] The following facts are presumed in favor of Firmenich for purposes of this motion.

Natural Flavors manufactures natural and organic flavors.[3] Beginning in 2017, Firmenich sought to expand its natural and organic product manufacturing.[4] Natural flavors must meet specific industry standards to qualify as natural.[5] The United States Department of Agriculture's National Organic Program determines whether flavors are certifiably organic in accordance with specific regulations.[6] Firmenich considered compliance with industry standards and organic certifications a critical factor for any potential acquisition target, and sought a company with a substantial portfolio of qualifying flavors.[7]

---

[1] Amend. Compl. ¶ 3.
[2] *Id.* ¶¶ 4−5.
[3] *Id.* ¶¶ 25−26.
[4] *Id.* ¶ 13.
[5] *Id.* ¶ 17−18.
[6] *Id.* ¶ 15−16.
[7] *Id.* ¶ 19.

In August 2017, Firmenich received a "teaser" about the potential acquisition of Natural Flavors.[8] Firmenich asserts that it was "led to believe that around 65% of Natural Flavors' product line was organic certified."[9]

Upon completion of its first phase of due diligence, Firmenich made an offer of $115 million to acquire Natural Flavors.[10] After this offer, Firmenich met with Jason Stein, Natural Flavors' Vice President of Quality.[11] On October 26, 2017, Stein assured Firmenich's representatives that Natural Flavors' organic products were compliant with certifications.[12] Firmenich also conducted a site visit, and accessed a data room that housed organic certificates attesting that a significant percentage of Natural Flavors' portfolio was certified organic in compliance with government regulations.[13]

On December 22, 2017, Firmenich and Defendants executed the APA, whereby Firmenich agreed to purchase Natural Flavors.[14] The parties also executed a Manufacturing Agreement and a Temporary Staffing Services Agreement. Under Section 3.3 of the APA, Defendants confirmed that all products

---

[8] *Id.* ¶ 22.
[9] *Id.* ¶ 25.
[10] *Id.* ¶¶ 29, 36−37, 50.
[11] *Id.* ¶ 37, 40-43.
[12] *Id.* ¶ 42.
[13] *Id.* ¶¶ 44, 47, 48.
[14] *Id.* ¶ 51.

3

sold by Natural Flavors complied with government regulations.[15] The sale closed on February 1, 2018.[16]

Shortly after closing, former Natural Flavors employee, Livia Engel, told Firmenich that the ingredients used to produce flavors were different from the ingredients listed on the formula sheets submitted for organic certification.[17] Engel also informed Firmenich that Natural Flavors maintained two sets of books: one set reflected the flavors as they were produced, and the second purported to show the flavors as they should have been produced according to the certified formulas.[18]

Stein confirmed that Natural Flavors did not produce flavors compliant with federal regulations or industry standards,[19] and that Natural Flavors recorded two sets of batch sheets.[20] The first set reflected formulas consistent with certified formulas to provide auditors and regulators.[21] The second set logged the batches Natural Flavors actually produced.[22]

Natural Flavors shared a physical plant with Elan Chemical Company ("Elan"). Defendants placed suspect raw materials in Elan's section of the plant to

---

[15] APA § 3.3.
[16] Amend. Compl. ¶ 51.
[17] *Id.* ¶ 70.
[18] *Id.* ¶ 71.
[19] *Id.* ¶ 78.
[20] *Id.* ¶¶ 79-81.
[21] *Id.*
[22] *Id.*

prevent discovery by auditors.[23]  Defendants Manship and Weisman, both of whom were Natural Flavors shareholders and signatories to the APA, own and control operations of Elan.[24]  Weisman also served as Natural Flavors' Safety and Compliance Officer.[25]

Firmenich filed its Initial Complaint on January 31, 2019 ("Initial Complaint").  On June 18, 2019 Defendants filed a Motion to Dismiss Count I.[26] The Court heard oral argument on September 16, 2019.

In an Opinion dated October 29, 2019 (the "October 29 Opinion"), the Court found that a fraud carve-out in Section 8.3 of the APA permits Firmenich to pursue fraud claims.[27]  The Court also found that Firmenich's fraud claim withstood the bootstrapping bar to the extent it was based on allegations that Defendants made pre-APA misrepresentations to induce Firmenich into executing the APA.[28]  The Court nevertheless dismissed Firmenich's surviving fraud in the inducement claim. The Court found that Firmenich's fraud claim must fail pursuant to the duplicative

---

[23] *Id.* ¶ 83.
[24] *Id.* ¶¶ 9−11.
[25] *Id.*
[26] Defendants' Motion to Dismiss also sought to dismiss Counts III, II, IV & V, as well as the claims against individual defendants. *Firmenich, Inc. v. Natural Flavors, Inc.*, 2019 WL 6522055, at *2.
[27] *Firmenich, Inc. v. Natural Flavors, Inc.*, 2019 WL 6522055, at *4−5 (Del. Super.).
[28] *Id.* at *4.

damages bar because Firmenich failed to distinguish its fraud damages from its breach of contract damages in its Initial Complaint.[29]

On November 4, 2019, Firmenich filed its Amended its Complaint ("Amended Complaint").  Firmenich now pleads *in the alternative*: (1) fraud in the inducement; (2) unjust enrichment; and (3) breach of contract.[30]  Firmenich now also seeks rescissory damages for fraud in the inducement.[31]

Natural Flavors filed a Motion to Dismiss the fraudulent inducement claim from the Amended Complaint for the same reasons it raised in its previous motion to dismiss.  Defendants Manship and Weisman also filed a Motion to Dismiss the fraud claim on the grounds that Firmenich failed to adequately plead fraud against them as individuals pursuant to Superior Court Rule 9(b).  Firmenich filed an Answering Brief and Defendants filed replies.

The Court heard oral argument on January 15, 2020 (the "January 15 Hearing").  During the hearing, the Court dismissed without prejudice the fraudulent inducement claim as against Defendants Manship and Weisman.[32]  Subsequently, on February 10, 2020, Firmenich and Natural Flavors submitted supplemental Letter Memoranda regarding the duplicative damages bar.

---

[29] *Id.* at *6.
[30] Amend. Compl. 42−47.
[31] *Id.* at ¶ 158.
[32] January 15 Hearing Tr. at 31−33.

6

## STANDARD OF REVIEW

### *Failure to State a Claim Upon Which Relief Can be Granted*

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[33] The Court must accept as true all well-pleaded allegations.[34] Every reasonable factual inference will be drawn in the non-moving party's favor.[35] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[36]

### *Particularity*

Pursuant to Superior Court Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "The factual circumstances to be stated with particularity refer to the time, place, and contents of the false representations; the facts misrepresented; the identity of the person(s) making the misrepresentation; and what that person(s) gained from making the misrepresentation."[37]

---

[33] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[34] *Id.*
[35] *Wilmington Sav. Fund Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[36] *Spence*, 396 A.2d at 968.
[37] *GreenStar IH Rep, LLC v. Tutor Perini Corp.*, 2017 WL 5035567, at *10 (Del. Ch.) (internal quotations and citations omitted).

In deciding a motion to dismiss, this Court must accept as true all well-pled factual allegations, but it need not accept as true any conclusory statements or allegations contradicted by documents on which the Complaint is based.[38] Moreover, the Court must draw inferences logically flowing from the Complaint in favor of Plaintiff, but only if such inferences are reasonable.[39]

Further, Rule 9(g) provides:

> A pleading, whether a complaint, counterclaim, cross-claim or a third-party claim, which prays for unliquidated money damages, shall demand damages generally without specifying the amount, except when items of special damage are claimed, they shall be specifically stated….[40]

Although plaintiffs *must* plead damages resulting from alleged misrepresentations,[41] plaintiffs may be plead damages generally.[42]

---

[38] *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 139 (Del. Ch. 2003); *Metro Comm. Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 144 (Del. Ch. 2004).

[39] *Grobow v. Perot*, 539 A.2d 180, 187 (Del. 1988), *rev'd on other grounds by Brehm v. Eisner*, 746 A.2d 253−54 (Del. 2000).

[40] Super. Ct. Civ. R. 9(g).

[41] *Cornell Glasgow, LLC v. La Grange Props. LLC*, 2012 WL 2106945, at *8 (Del. Super.); *see also Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*, 2011 WL 345821, at *8 (Del. Super.) ("When the plaintiff fails to allege legally cognizable damages suffered as a result of reliance on any false representation, the claim must be dismissed.").

[42] *See Prairie Capital III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 55 (Del. Ch. 2015) (finding that damages were pleaded with particularity in a claim for fraudulent inducement where plaintiff alleged that plaintiff would not have entered into the contract or would have paid much less if the defendant had not made misrepresentations); *see also H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 146−47 (Del. Ch. 2003) (finding plaintiff's allegation that "it suffered damages because of its decision to participate in the February 2001 Offering, which was based on the false representations made by defendants" was "stated with enough particularity to satisfy the requirements of Rule 9(b).").

## ANALYSIS

### *Initial Complaint*

In its Initial Complaint, Firmenich demanded the following damages arising from its claims for breach of contract, fraud, and unjust enrichment:

(1) general damages and losses;

(2) special damages in an amount to be determined at the time of trial;

(3) an award of compensatory, consequential, statutory, exemplary, and punitive damages;

(4) indemnification of all damages, expenses, costs, fees, or other charges incurred by Firmenich resulting or arising from Defendants' conduct;

(5) a declaration that Defendants committed fraud and/or engaged in willful misconduct, thus vitiating any cap or limitation on contractual damages;

(6) reasonable attorneys' fees, pre and post-judgment interest, and costs of suit; and

(7) such other and further relief as the Court may deem just and proper.[43]

---

[43] Initial Compl. at 48.

In the October 29 Opinion, the Court dismissed Firmenich's fraud claim based on its application of *EZLinks Golf, LLC v. PCMS Datafit, Inc.*[44]

In *EZLinks*, the defendant argued that plaintiff's fraudulent inducement damages were identical to its breach of contract damages.[45] This Court, applying the duplicative damages bar, dismissed plaintiff's fraud claim despite otherwise finding it sufficiently distinct from plaintiff's breach of contract claim.[46]

This Court consistently has held that "[f]ailure to plead separate damages is an independent ground for dismissal."[47] "The mere addition of punitive damages to [plaintiff's] fraudulent inducement charge is not enough to distinguish it from the contract damages."[48] The Court found in its October 29 Opinion that Firmenich did not specifically allocate its prayers for relief amongst its claims, and "[t]he only claims for relief unique to the fraud claims are for punitive damages."[49]

---

[44] *Firmenich, Inc. v. Natural Flavors, Inc.*, 2019 WL 6522055, at *3−4 (citing *EZLinks Golf, LLC v. PCMS Datafit, Inc.*, 2017 WL 1312209, at *6 (Del. Super.).

[45] 2017 WL 1312209, at *6.

[46] *Id.*

[47] *Id.* (citing *Cornell Glasgow*, 2012 WL 2106945, at *9 ("[Plaintiff] has failed to plead fraud damages separate and apart from its breach damages. The fraud claim, therefore, must be dismissed for this reason as well."); and *ITW Global Invs. Inc. v. Am. Indus. Partners Cap. Fund IV, L.P.,* 2015 WL 3970908, at *5 (Del. Super.))).

[48] *Id.* (citing *Hiller & Arban*, 2016 WL 3678544, at *4–5; and *AFH Holding Advisory*, 2013 WL 2149993, at *12–13).

[49] *See AFH Holding Advisory, LLC v. Emmaus Life Scis., Inc.*, 2013 WL 2149993, at *12 (Del. Super.).

Therefore, the Court granted Defendants' Motion to Dismiss Count I – Fraud from the Initial Complaint.

### *Amended Complaint*

In its Amended Complaint, Firmenich revised its prayer for relief to separately address damages for breach of contract and for fraudulent inducement. To recover under its claim for breach, Firmenich now demands:

(1) Indemnification pursuant to the APA for all damages, expenses, costs, fees, or other charges incurred by Firmenich resulting or arising from breach of the APA;

(2) Expectation damages, measured as of the time of the breach, equal to the diminution in value of the assets resulting from Defendants' breach;

(3) Reasonably foreseeable consequential damages directly resulting from breach;

(4) Attorneys' fees and costs; and

(5) Such other and further relief as the Court may deem just and proper.[50]

---

[50] Amend. Compl. ¶¶ 174−78.

To recover under its claim for fraudulent inducement, Firmenich now demands:

(1) Damages equal to the difference between the actual and the represented values of the assets acquired pursuant to the APA, measured as of the transaction date and unrestricted by indemnification limitations set forth in the APA;

(2) Out of pocket costs equal to the difference between the amount paid to Defendants and the actual value of the assets measured as of the transaction date and unrestricted by indemnification limitations set forth in the APA;

(3) Punitive damages;

(4) Consequential damages beyond indemnification limitations set forth in the APA, equal to the loss sustained by Firmenich in mitigating the damages that were the direct and natural result of Defendants' fraud;

(5) Rescissory damages in an amount to return Firmenich to the same position it held prior to Defendants' fraud;

(6) Pre- and Post- judgment interest; and

(7) Such other and further relief as the Court may deem just and proper.[51]

### *Duplicative Damages*

"Delaware courts have consistently held that to successfully plead a fraud claim, the allegedly defrauded plaintiff must have sustained damages as a result of a defendant's action."[52] "And those fraud damages allegations can't simply 'rehash' the damages that were allegedly caused by the claimed breach of contract."[53] Further, if the Court finds that damages are duplicative, the Court should dismiss the fraud claim.[54]

At the January 15 Hearing, Natural Flavors argued that despite Firmenich's amendments, the Amended Complaint fails to properly distinguish damages pursuant to *EZLinks*, and therefore the Court must dismiss Firmenich's fraudulent inducement claim.

---

[51] *Id.* ¶¶ 154−61.

[52] *EZLinks*, 2017 WL 1312209, at *7 (quoting *Cornell Glasgow, LLC v. La Grange Props. LLC,* 2012 WL 2106945, at *8 (Del. Super.) (quoting *Dalton v. Ford Motor Co.,* 2002 WL 338081, at *6 (Del. Super.))).

[53] *Id.* (citing *Cornell Glasgow, LLC,* 2012 WL 2106945, at *8 (citing *Albert v. Alex Brown Mgt. Serv., Inc.,* 2005 WL 2130607, at *7 (Del. Ch.))).

[54] *EZLinks*, 2017 WL 1312209, at *6 (citing *Khushaim v. Tullow, Inc.,* 2016 WL 3594752, at *6–7 (Del. Super.) (dismissing claim for fraud where plaintiff "merely pled identical damages")).

13

### *EZLinks – Duplicative Damages Bar*

Natural Flavors argues that, as in the Court's October 29 Opinion, *EZLinks* applies to the facts of this case because Firmenich's Amended Complaint attempts to recast Firmenich's breach of contract claim as fraud.

Similarly to the case at hand, the *EZLinks* Court requested supplemental briefing on whether: (1) plaintiff requested rescissory damages or if they were applicable; (2) the agreement limited damages; and (3) plaintiff could identify specific damages under each claim and how they differ.[55]

Dismissing the fraud claim, the *EZLinks* Court held that "[f]raud-induced damages cannot mirror breach of contract damages…."[56] The *EZLinks* Court found that plaintiff's fraud claim failed the bootstrapping bar because plaintiff failed to plead claims arising from independent duties and distinguishable damages.[57]

At the January 15 Hearing, Firmenich argued that *EZLinks* is inapplicable. Firmenich distinguishes *EZLinks* on the basis that the *EZLinks* plaintiff did not contractually cap breach of contract damages, did not plead fraud in the

---

[55] *EZLinks*, 2017 WL 1312209 at *2.
[56] *Id.* at *7.
[57] *Id.* at *6−7.

inducement, did not plead rescissory damages, and did not plead its claims in the alternative.

Firmenich contends that Delaware law provides that: (1) parties who limit damages subject themselves to parallel claims for breach of contract and fraud; (2) damages are not duplicative if the seller fraudulently induced the buyer into the contract; (3) pleading rescissory damages renders the damages sufficiently distinct; and (4) the duplication of the damages is irrelevant if the claims are pled in the alternative.[58]  Firmenich relies on *ABRY Partners V, L.P. v. F&W Acquisition LLC*,[59]  *JCM Innovation Corp. v. FL Acquisition Holdings, Inc.*,[60] and *ITW Global Investments Inc. v. American Industrial Partners Capital Fund IV, L.P.*[61]

### *ABRY – Limitations on Damages Leads to Parallel Claims*

At the January 15 Hearing, Firmenich relied on *ABRY* to support its contention that parties who agree to limit damages for breach of contract subject

---

[58] In an apparent attempt to distinguish cases like *EZLinks* from the facts of this case, Firmenich also points out that *EZLinks* and many of its progeny did not involve indemnification or a merger or acquisition of a corporation.  Firmenich does not offer an explanation as to how the different type of sale or form of entity impacts this Court's analysis of the duplicative damages bar.  Thus, the Court will refrain from considering whether those factors, as presented at this juncture, have any bearing on whether Firmenich pled duplicative damages.

[59] 891 A.2d 1032 (Del. Ch. 2006).

[60] 2016 WL 5793192 (Del. Super.).

[61] 2015 WL 3970908 (Del. Super.).

themselves to parallel claims of breach of contract and fraud which otherwise would not be permitted.[62]

In *ABRY*, the buyer under a stock purchase agreement was contractually barred from pursuing an equitable claim for rescission and was limited to an indemnity claim worth four percent of the purchase price.[63]  The Court of Chancery expressed concern regarding the seller's attempt to contractually exclude rescission regardless of whether seller fraudulently induced buyer into the contract.[64]

Firmenich argues that *ABRY* and its progeny prohibit a seller from insulating itself from the "*consequences* of its fraud through operation of fraud itself"[65] because the Court of Chancery, exercising its equitable powers, allowed the buyer to pursue rescission despite the contractual bar.[66]

Natural Flavors argues that Firmenich misinterprets *ABRY*.  *ABRY* specifically provides that "the public policy of this State will not permit the Seller to insulate itself from the possibility that the sale *would be rescinded* if the Buyer

---

[62] January 15 Hearing Tr. at 63:7−12.
[63] *ABRY*, 891 A.2d at 1045.
[64] *Id.* at *1035.
[65] Pl.'s Supp. Ltr. Mem. At 8 (emphasis added).
[66] *Id.*

can show" fraudulent inducement.[67]   Natural Flavors contends that the key difference between the Court of Chancery decision in *ABRY* and this Court's subsequent decision in *EZLinks* was the form and adequacy of the relief available. Thus, Natural Flavors insists that the contractually available remedies for fraud— namely, rescission—affect *ABRY*'s applicability.

Unlike the contract in *ABRY*, the APA does not bar Firmenich from pursuing rescission.  The APA does however limit Firmenich's recovery for breach of the APA.[68]  Thus, Firmenich argues that the APA remedies are inadequate, and therefore, its damages are not duplicative.

### JCM – Damages for Fraud are Distinct from Contract Damages if the Plaintiff Pleads Fraud in the Inducement

Firmenich asserts that *JCM Innovation Corp. v. FL Acquisition Holdings, Inc.*,[69] stands for the proposition that damages are not duplicative if the seller fraudulently induced the buyer into the contract.

---

[67] *ABRY*, 891 A.2d at 1035.

[68] The APA provides that Firmenich was entitled to recover the funds held in the Indemnity Escrow Account—up to $1,150,000—and then must seek to recover the remainder through its representations and warranties insurance policy.  Following that procedure, Firmenich would then be contractually permitted to pursue from Defendants any amount not covered for breach of contract.  *See* Amend. Compl., Ex. 1 § 8.3(c).

[69] 2016 WL 5793192 (Del. Super.).

The plaintiff in *JCM* raised claims for fraud and breach of contract arising from an asset purchase agreement.[70] The *JCM* Court did not dismiss the fraud claim on the grounds of duplicative damages.[71]

Natural Flavors asserts that *JCM* fails to support Firmenich's proposition and is distinguishable from the case at hand.

In *JCM*, the Court limited its analysis of the bootstrapping bar to the issue of whether the claim arose from an obligation outside the contract.[72] The Court compared duties imposed by contract to pre-contractual duties prohibiting misleading representations.[73]

The bootstrapping bar discussion in *JCM* is similar to the Court's discussion in the October 29 Opinion. In the October 29 Opinion, the Court separately considered the bootstrapping bar with regard to the allegedly breached duty before addressing the duplicative damages bar.[74] The *JCM* Court never addressed whether plaintiff had plead identical damages.[75] Here, the parties submitted arguments specifically addressing identical damages.

---

[70] *JCM*, 2016 WL 5793192, at *1.
[71] *Id.* at *9.
[72] *Id.*
[73] *Id.*
[74] *Compare id. with Firmenich*, 2019 WL 6522055, at *6.
[75] *JCM*, 2016 WL 5793192, at *9.

18

As the *EZLinks* Court put it, "*JCM* hardly stands for the proposition that identical damages claims in breach-of-contract and fraudulent-inducement counts are permissible and allow both counts to coexist in one action."[76]

### *ITW – Pleading Rescissory Damages Sufficiently Distinguishes Fraud Damages from Contract Damages*

"Rescission in its purest form…seeks to unmake or cancel an agreement and to return the parties to the status quo ante."[77] Rescissory damages are "only available where rescission is warranted but not feasible."[78] Delaware courts have likened this measure of futility to the inability to "unscramble the egg."[79] "At the most general level, this remedy is premised upon the idea that: (1) the transaction whereby the party gave up an asset was wrongful in some way, and (2) the nature of the wrong perpetuated is such that plaintiff is entitled to more than his 'out-of-pocket' harm…."[80]

Firmenich alleges fraudulent inducement, which it argues would render the APA voidable in an action for rescission. Firmenich asserts that it did not pursue rescission because such a remedy is "impractical because it would be impossible to

---

[76] *EZLinks*, 2017 WL 1312209 at *7.
[77] *Catamaran Acquisition Corp. v. Spherion Corp.*, 2001 WL 755387, at *4 (Del. Super.) (internal quotations omitted).
[78] *Ravenswood Investment Co., L.P. v. Estate of Winmill*, 2018 WL 1410860, at *23 (Del. Ch.).
[79] *Harman v. Masoneilan International, Inc.*, 418 A.2d 1004, 1006−07 (Del. Ch. 1980).
[80] *Yu v. GSM Nation, LLC*, 2018 WL 2272708, at *17 (Del. Super.).

19

unscramble the eggs and restore the pre-closing status quo"[81] given that it did not discover the alleged fraud until weeks after the Closing.[82] Firmenich alleges that during investigation of the alleged fraud, it "invested thousands of hours reviewing, correcting, and reformulating Natural Flavors's formulas, not to mention working with Natural Flavors's former customers."[83] Thus, Firmenich argues it is reasonable to infer from the allegations that rescission is appropriate but not feasible.

Firmenich contends that *ITW Global Investments Inc. v. American Industrial Partners Capital Fund IV, L.P.*,[84] supports its proposition that pleading *rescissory* damages is sufficient to distinguish its fraud damages from its breach of contract damages. Firmenich also relies on *Novipax Holdings, LLC v. Sealed Air Corp.*[85]

In *ITW*, this Court, in a footnote, stated that because plaintiff's "Count II alleges damages for rescission or rescissory damages, it is not barred as a 'rehash' of the Complaint's breach of contract damages."[86] The *ITW* Opinion does not elaborate further on the issue.

---

[81] Pl.'s Ans. Br. at 18.
[82] Amend. Compl. ¶ 69.
[83] *Id.* ¶¶ 86−87.
[84] 2015 WL 3970908 (Del. Super.).
[85] 2017 WL 5713307 (Del. Super.).
[86] *ITW*, 2015 WL 3970908, at *7 n. 103.

20

According to this Court's opinion in *Novipax*, "[t]his Court has twice held that a claim for rescission or recessionary damages separates a fraudulent inducement claim from breach of contract damages."[87] The *Novipax* Court referred only to the *ITW* footnote and *EZLinks*.

The *EZLinks* Court distinguished *ITW* from the facts in *EZLinks* on the basis that the *EZLinks* plaintiff had pled neither rescission nor rescissory damages. Because plaintiff did not request rescission or rescissory damages, the *EZLinks* Court refrained from considering the rescissory damages argument.

The *Novipax* Court, based on the guidance in *ITW* and *EZLinks*, stated that although pleading rescissory damages separates a fraud from a breach of contract claim, "if discovery demonstrates that Novipax's damage claims for breach of contract and fraud are the same, the Court can revisit the issue prior to a trial."[88] Thus, pleading rescissory damages may not—even according to *Novipax*— necessarily render claims unquestionably distinct.

The Court mentioned these issues at the January 15 Hearing. The Court asked whether the calculation, or the *actual damages incurred*, would remain the same under either theory: the difference between the actual and the represented

---

[87] *Novipax*, 2017 WL 5713307, at *14.
[88] *Id.* at *14.

21

value of the asset,[89]  The Court further noted that, even with rescissory damages, the value of the property which the purchaser retains is subtracted from the purchase price.[90]

Firmenich first argues that rescissory damages require a separate *legal measurement* from remedies it pursues for its breach of contract claim.

The Court of Chancery addressed the legal measurement of rescissory damages in *Strassburger v. Earley*.[91]  The Court of Chancery explained that rescissory damages are inherently different:

> Rescissory damages are an exception to the normal out-of-pocket measure of compensatory damages, because such damages are measured as of a point in time after the transaction, whereas compensatory damages are determined at the time of the transaction; as a consequence, rescissory damages may be significantly higher than the conventional out-of-pocket damages, because rescissory damages could include post-transaction incremental value elements that would not be captured in an "out-of-pocket" recovery.[92]

Firmenich's explanation mirrors the *Strassburg* reasoning.  At the January 15 Hearing, Firmenich submitted that:

> Fraud is retrospective, while contract is prospective.  The fraud in the inducement takes place over a period of months, it involves something greater than, or sort of an analysis of the value of the assets prior to execution of the APA.  On the other hand, breach of contract is

---

[89] January 15 Hearing Tr. at 51:2−4.
[90] January 15 Hearing Tr. at 53:1−6.
[91] 752 A.2d 557, 578−80 (Del. Ch. 2000).
[92] *Id.*

22

retrospective and looks at the assets from the point in time from which the transaction was closed moving forward, and would include damages that are distinct from damages available pursuant to fraud.[93]

Firminech also argues that the amount of *recovery* for rescissory damages would differ substantially from its remedies available under its breach of contract. The amount of recovery between the breach of contract and fraud claims would differ substantially because the breach claim is contractually capped, at best, at $11 million, but full value of the sale was $115 million. Thus, Firmenich argues that its fraud and contract damages are different.

Natural Flavors argues that the particularity requirement of Rule 9(b) applies not to the *legal measurement* or *amount of recovery*, but to *actual damages incurred*. Natural Flavors contends that the question is whether Firmenich has pled *damages* that it incurred from alleged fraud separate and unique from breach:

> In an attempt to end-run their Rule 9(b) obligation, Plaintiff attempts to argue that simply including a rescissory damages prayer for relief allows its claim to survive under *[Novipax]*. However, **none** of these cases support Plaintiff's contention that rescission or rescissory damages need not be pled with particularity.[94]

When addressing the Rule 9(b) pleading standards with regard to damages resulting from fraud, this Court in *Cornell Glasgow, LLC v. La Grange Props., LLC*, noted that "Delaware courts have consistently held that to successfully plead

---

[93] January 15 Hearing Tr. at 51:5−52:1.
[94] Def.'s br. at 11-12.

23

a fraud claim, the allegedly defrauded plaintiff must have *sustained* damages as a result of a defendant's actions."[95]  This language suggests that the relevant question is whether fraudulent inducement resulted in the plaintiff *sustaining* or *incurring* different damages from those of its breach of contract claim.

As a policy argument, Natural Flavors also posits that if these cases, as interpreted by Firmenich, allowed concurrent fraud and breach claims simply because the contract provides a contractual damages cap, every time a contract included a limitation of liability provision that capped buyer's ability to recover, buyer would be able to assert a concurrent fraud claim.

### *Alternative Pleadings*

Natural Flavors argues that Delaware law clearly establishes that if the Court finds damages duplicative, then the breach claim survives and the fraud claim fails.

Firmenich argues that, regardless of whether its damages are duplicative, its claims may both survive this Motion to Dismiss because Firmenich pled its claims for breach of contract, unjust enrichment, and fraudulent inducement in the

---

[95] 2012 WL 2106945, at *8 (quoting *Dalton v. Ford Motor Co.*, 2002 WL 338081, at *6 (Del. Super.)) (emphasis added).

alternative.[96]  Firmenich relies on *Ashland LLC v. Samuel J. Heyman 1981 Continuing Trust for Heyman*.[97]

In *Ashland*, this Court held that duplicative damages will not bar parallel breach of contract and fraud in the inducement claims if the claims are pled in the alternative.[98]  The *Ashland* Court, noting the purpose of the duplicative damages bar—to prevent a rehash of the same damages—reasoned that pleading these claims in the alternative prevents overlap.  The Court need not dismiss the fraud in the inducement claim on the basis of duplicative damages because the claims "would never co-exist at final judgment and are, therefore, not duplicative."[99]

Thus, the damages will never "rehash" one another despite lacking uniqueness.

Firmenich's argument follows this interpretation:

Indeed, Firmenich cannot recover damages for both claims. The Amended Complaint states a primary cause of action for fraud with breach of contract pled in the alternative.  Should this case go to trial,

---

[96] *See* Super. Ct. Civ. R. 9(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.").

[97] 2018 WL 3084975 (Del. Super.).

[98] *Id.* at *14−15.

[99] *Id.*; *see also Continental Fin. Co., LLC, v. ICS Corp.*, 2020 WL 836608, at *4 (Del. Super.) (citing Super. Ct. Civ. R. 9(e)(2)).

Firmenich could obtain a verdict on only one count. Therefore, it is literally impossible for Firmenich's damages to be duplicative....[100]

### *Discussion*

At the conclusion of argument, the Court requested additional submissions from the parties on the narrow issue of whether the addition of rescissory damages in the Amended Complaint makes a difference. Previously, the Court had ruled that Firmenich's attempts to distinguish its fraud damages from its breach of contract damages were unavailing. The Court indicated that the controlling precedent included *ABRY*,[101] *EZLinks*[102] and *JCM*.[103]

The Court looked for guidance as to whether or not fraud damages can be distinguished from breach of contract damages on the basis of the actual method of calculation, or whether the difference in actual recoverable damages constitutes a legal distinction. Such a distinction would permit the fraud and contract claims to proceed in a parallel manner.

Having reviewed the relevant case law, the Court is unable to construct a seamless trail of legal analysis on this narrow issue.

---

[100] Pl.'s Ans. Br. at 13.
[101] 891 A.2d 1032.
[102] 2017 WL 1312209.
[103] 2016 WL 5793192.

26

*ABRY* supports the conclusion that a contractual limitation on damages opens the door to parallel breach of contract and fraud claims.[104]  The Court of Chancery cited concern with the proposition that a seller could contractually prevent rescission in the face of fraudulent inducement.[105]   However, the APA in this case does not bar rescission.

In *JCM*, the Court declined to dismiss the fraud claim on the basis of duplicative damages.[106]   However, the *JCM* analysis was limited to the bootstrapping bar as it applies to claims arising from obligations outside the contract.[107]

*ITW* and *Novipax* support the proposition that rescissory damages based on a fraud claim are distinguishable from breach of contract damages.[108]

Finally, the *EZLinks* plaintiff pled neither rescission nor rescissory damages.[109]

---

[104] *ABRY*, 891 A.2d at 1035.
[105] *Id.*
[106] *JCM*, 2016 WL 5793192, at *9.
[107] *Id.*
[108] *See ITW*, 2015 WL 3970908, at *7 n. 103; *Novipax,* 2017 WL 5713307, at *14.
[109] *EZLinks*, 2017 WL 1312209, at *6−7.

27

## CONCLUSION

Under the facts pled in this case, the Court finds that Firmenich's Amended Complaint for rescissory damages sufficiently distinguishes the breach of contract claim from the fraudulent inducement claim. It does not appear to the Court to matter whether the difference in damages is based on the actual method of calculation, or whether the difference in actual recoverable damages constitutes a legal distinction. The Court finds that the fraud and contract claims alleged in this case may proceed in a parallel manner.

**THEREFORE**, Natural Flavors' Motion to Dismiss Count I – Fraud is hereby **DENIED**.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

28